## HOME INS. CO. OF NEW YORK v. ALSUP-BAKER MOTOR CO., Inc.

### No. 4885.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1934.

34

H. W. Hill, of Alexandria, for appellant.

Polk & Robinson, of Alexandria, for appellee.

MILLS, Judge.

The Alsup-Baker Motor Company, Incorporated, on July 24, 1931, sold to E. M. Wells an automobile, accepting in part payment the purchaser's note for $656 secured by chattel mortgage. This note was indorsed in blank and sold by the motor company to the Universal Credit Company, to which also was assigned, to the extent of its interest, the fire and theft insurance policy issued on the car by the Home Insurance Company of New York. The insurance company, becoming dissatisfied with the risk, canceled this policy as of. date August 13, 1931, informing the credit company thereof and mailing notice to Wells. Deprived of this security, the credit company, holder of the note, demanded of the Alsup-Baker Motor Company, Inc., indorser thereon, that it either repurchase the note or repossess the car. Instead, the motor company, on September 12, 1931, executed a waiver in favor of the credit company and guaranteed the payment of the account. In consideration of this waiver and guaranty, the credit company retained the note which had been reduced by payments to a balance of $392.59 when on April 24, 1932, the car was stolen and never recovered. The credit company then, though the policy of insurance had been canceled, called upon the Home Insurance Company to make good its prospective loss in the amount due on the note. The insurance company, though neither legally or morally obligated so to do, in view of the large business given to it by the credit company, paid the loss. Upon this payment the credit company transferred and delivered to it the note and executed a loss agreement upon a regular form, which was intended as a subrogation to the insurance company of all the rights of the credit company against the maker and indorser of the note.

The Home Insurance Company of New York brings this action against the Alsup-Baker Motor Company, Inc., for the balance due on the note together with the interest and attorney's fees.

The suit is defended on the theory that the payment by the insurance company was one of insurance and was so intended, and that it applied in satisfaction, payment, and discharge of the note and not as a consideration for the transfer of the note to end the subrogation in favor of the insurance company. The lower court took this view of the case and in an able written opinion rejected plaintiff's demand and dissolved, without damages, a writ of attachment it had issued at its request.

From this judgment plaintiff alone has appealed.

The opinion of the lower court shows that its judgment is predicated upon the assumption that the insurance policy was in force at the time of the payment by the insurance company. This is shown by the following brief excerpt:

"The conclusion as we see it is inescapable that the note was paid with the insurance on the car, which insurance plaintiff justly owed, and which when paid, as was paid, discharged the note in the hands of the credit company, thereby discharging defendant under its endorsement."

Again:

"The record makes it clear that the $392.59 paid by the plaintiff to the credit company in the adjustment of this loss was the only money which was ever paid out by plaintiff in this matter and that it was paid strictly as a settlement of its obligation under the policy."

The opinion does not comment upon the clearly proven fact that the policy was canceled August 13, 1931, many months before the car was stolen or payment made; that notice of cancellation was mailed to Wells, though he testifies that it was not received by him; that notice of the cancellation was given to, acknowledged and acted upon by, the credit company and defendant indorser.

The situation is made somewhat obscure by the unfortunate choice of words used by counsel for plaintiff in the petition and in the statement of facts and by the execution of the waiver and subrogation on regular forms unsuited to the real nature of the transaction. Article 7 of the petition reads:

"That on April 4th, 1932, said car was stolen from said Wells and has never been recovered; that although said policy of insurance had been cancelled, nevertheless, petitioner at the solicitation of said Universal

Credit Company, assumed liability, and paid off to said Universal Credit Company the unpaid balance on said note of said Wells, amounting to the sum of $392.59, taking from said Universal Credit Company a full subrogation to all of its rights both as against said Wells and the Alsup-Baker Motor Co., Inc., defendant herein, said subrogation being in writing and will be produced on the trial hereof."

While the article contains the averment that plaintiff assumed liability, we think the further allegation that the policy had been canceled and a subrogation taken negatives the idea that the payment was of a loss under an existing policy. Furthermore, the allegation as to the assumption of liability is explained away in the negative by the testimony in the case admitted without objection and showing the real facts to be as above set forth.

Cases should be decided upon the proven facts and not upon the erroneous conclusions of the pleader. We are satisfied that the payment by the Home Insurance Company to the Universal Credit Company was the voluntary payment of a third person dictated by reasons of business policy rather than legal obligation, and that it was the clear intention of the payer not to discharge the note, but to acquire it together with all rights that the credit company might have against its maker and endorser.

Upon this finding of fact the plaintiff should recover as a transferee in due course for a valuable consideration of a negotiable instrument and under the express subrogation. Article 2160 of the Revised Civil Code.

The judgment of the lower court, while correct in its exposition of the law, is mistaken in its premise upon which that law is found.

It is therefore reversed, and judgment is now rendered in favor of plaintiff, Home Insurance Company of New York, and against the Alsup-Baker Motor Company, Incorporated, in the sum of $392.59, together with 8 per cent. per annum interest thereon from April 4, 1932 until paid, and 15 per cent. on the principal and interest as attorney's fees; defendant to pay the costs of both courts except those of the lower court incurred in the issuance and dissolution of the attachment which was improvidently granted and which was dissolved on the motion referred to the merits with reservation of all rights.

DREW, J., concurs.